IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : BANKRUPTCY NO. 19-17124(AMC)
MICHAEL DEVITO and :
TARALYNN THERESA O'BRIEN :
Debtors : CHAPTER 13

**STIPULATION RESOLVING ALLY BANK ALSO D/B/A ALLY CAPITAL'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

THIS MATTER having been brought before the Court on a Motion for Relief from the Automatic Stay by Lavin, Cedrone, Graver, Boyd & DiSipio, attorneys for Ally Bank also d/b/a Ally Capital ("Ally") and William D. Schroeder, Jr., Esquire, attorney for Michael DeVito and Taralynn Theresa O'Brien (collectively, the "Debtors"), having consented to the entry of the within Order, and for good cause shown;

AND NOW COMES Ally, by and through its counsel, and states as follows:

(a) Michael DeVito (the "Debtor") and non-filing party Barbara A. O'Brien financed the purchase of a 2015 Kia Sportage, VIN: KNDPB3ACXF7735412 (the "Vehicle") pursuant to the terms of a Retail Installment Sale Contract dated November 5, 2016 (the "Contract") which has been assigned to Ally.

(b) Pursuant to the Contract, Ally maintains a perfected security interest in and to: (a) the Vehicle; (b) accessories, equipment and replacement parts installed in the Vehicle; and (c) service contracts on the Vehicle.

(c) The Debtors desire to retain possession of the Vehicle and provide adequate protection for Ally's interest in the Vehicle.

NOW THEREFORE, in consideration of the above, the parties STIPULATE AND AGREE as follows:

1. The Debtor is $4,108.20 in post-petition arrears through and including the October 20, 2020 due payment. The Debtor acknowledge his account is in post-petition arrears in the amount of $4,108.20 through and including the October 20, 2020 due payment.

2. The Debtor shall cure the post-petition arrears in the amount of $4,108.20 by making an immediate payment in the amount of $2,000.00 on or before November 20, 2020 and curing the remaining post-petition arrears in the amount of $2,108.20 by paying an additional payment of $175.69 (which, along with the regular contractual payment due in the amount of $342.35, will result in a total payment of $518.04) monthly for twelve (12) months commencing with a payment due on or before November 20, 2020 and ending with a payment due on or before October 20, 2021. Said payment shall be forwarded to: Ally Capital, Payment Processing Center, P.O. Box 78367, Phoenix, AZ 85062-8367.

3. The Debtor shall make the November 20, 2020 contract payment and cure payment and all future payments on time. Said payments shall be forwarded to: Ally Capital, Payment Processing Center, P.O. Box 78367, Phoenix, AZ 85062-8367.

4. The Debtor shall resume making regular payments in the amount of $342.35 commencing with the payment due November 20, 2021.

5. All payments shall be made payable to Ally and include Debtor's account number.

6. The Debtor hereby agrees to maintain insurance coverage in such types and amounts as are required by the Contract until such time as all amounts due Ally under the Contract are paid in full.

7. If Debtor fails to comply with any of the stipulated terms herein, or if Debtor fails to make the regular payments due and owing within fifteen (15) days of due date, Ally will give

Debtor and Debtor's counsel notice by facsimile, first class mail or e-mail. Debtor will have fifteen (15) days to bring the account current. If the account is not brought current within the fifteen (15) day period, Ally may be granted relief from the automatic stay imposed by 11 U.S.C. §362 with respect to the Vehicle as to the Debtor upon filing a Certification of Counsel that Debtor is in default, together with a proposed Order to the Bankruptcy Court, and serving copies of the same upon the Debtor, Debtor's counsel and Chapter 13 Trustee. It is also expressly understood that the notice and cure period provided herein, only applies with respect to Ally's ability to obtain relief from the automatic stay in this bankruptcy case and does not in any way apply to or restrict Ally's ability to pursue its rights pursuant to the Contract.

8. If for any reason Debtor(s)' case is closed, terminated, dismissed or converted, the parties hereto agree and acknowledge that the terms of this agreed/stipulated order will be null and void and the parties are returned to the status quo with their respective rights under state law and the Contract.

9. The Trustee has no objection to the terms of the stipulation, without prejudice to any of their rights and remedies.

10. This Stipulation may be executed by facsimile and such facsimile signatures shall be deemed as originals.

11. The signature pages of this Stipulation may be executed in counterpart and all such signature pages, when attached, shall become part of the original Stipulation.

CONSENTED TO BY:

DATED: 11-13-20

*[signature]*
WILLIAM D. SCHROEDER, JR., ESQUIRE
Attorney for the Debtors

CONSENTED TO BY:

DATED: 11/16/20

*[signature]*
REGINA COHEN, ESQUIRE
Attorneys for Ally Bank also d/b/a Ally Capital

CONSENTED TO BY:

DATED: 11/16/2020

/s/ Jack Miller
WILLIAM C. MILLER
Chapter 13 Trustee

SO ORDERED:

ENTERED ON: _____

_____
ASHELY M. CHAN
United States Bankruptcy Judge

2201153v1

4