## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael D. DeVito<br>Taralynn Theresa O'Brien aka Taralynn T. O'Brien<br><span style="text-decoration:underline">Debtor(s)</span> | CHAPTER 13 |
| FREEDOM MORTGAGE CORPORATION<br><span style="text-decoration:underline">Movant</span><br>vs. | NO. 19-17124 AMC |
| Michael D. DeVito<br>Taralynn Theresa O'Brien aka Taralynn T. O'Brien<br><span style="text-decoration:underline">Debtor(s)</span> | 11 U.S.C. Section 362 |
| Kenneth E. West Esq.<br><span style="text-decoration:underline">Trustee</span> | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,551.55** located at 210 Hazel Avenue, Folsom, PA 19033 a breakdown as follows:.

| | |
|---|---|
| Post-Petition Payments: | November 1, 2022  in the amount of $1,551.55/month |
| **Total Post-Petition Arrears** | **$1,551.55** |

3. The Debtor shall cure said arrearages in the following manner:

    a. Debtor shall make a full tender payment of **$1,551.55** on or before November 30, 2022.

    b. Debtor(s) shall maintain monthly mortgage payments to Movant beginning with the next payment of $1,549.95 on or about December 1, 2022 and thereafter;

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a

Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: November 14, 2022

/s/ Denise Carlon, Esquire
Denise Carlon, Esquire
Attorney for Movant

Date: 11-22-22

William D. Schroeder Jr., Esquire
Attorney for Debtor(s)

Date: 11/28/2022

/s/ Jack Miller, Esquire for *
Kenneth E. West, Esquire
Chapter 13 Trustee

*no objection to its terms, without prejudice to any of our rights and remedies

Approved by the Court this _____ day of _____, 2022. However, the court retains discretion regarding entry of any further order.

**Date: November 28, 2022**

Bankruptcy Judge
Ashely M. Chan